Columbia Casualty Company v. Commissioner.
Columbia Cas. Co. v. Commissioner
Docket No. 22321.
United States Tax Court
1951 Tax Ct. Memo LEXIS 246; 10 T.C.M. (CCH) 371; T.C.M. (RIA) 51113; April 30, 1951
Edward S. Coons, Jr., Esq., 1 Park Ave., New York, N. Y., for the petitioner. William A. Schmitt, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The Commissioner has determined a deficiency of $17,689.34 in the petitioner's excess profits tax for the year 1943. The issue in this proceeding is whether, in the computation of "losses incurred" under section 204 (b) (6), the petitioner may use as its unpaid outstanding losses on liability and workmen's compensation insurance as of December 31, 1943, the amounts required by the Convention Edition of the Annual Statement approved by the National Association of Insurance Commissioners, or whether, as the respondent determined, the petitioner must use the losses which it actually estimated to be unpaid and outstanding as of December 31, 1943. The *247 petitioner also has pleaded that the respondent is estopped under the doctrine of collateral estoppel from asserting the deficiency in question. The petitioner filed its return for the year 1943 with the collector for the third district of New York. [The Facts] All of the facts in this proceeding have been stipulated, and we find them as stipulated. Insofar as material, the facts which have been stipulated are as follows: "The petitioner is a domestic corporation, duly organized and existing under the laws of the State of New York. It maintains its principal office at One Park Avenue, New York, N. Y., which is within the Third New York District for the collection of internal revenue. It is, and at all times herein mentioned was, engaged in the business of casualty insurance, including, among other forms of such insurance, the underwriting of liability and workmen's compensation risks. It is an insurance company other than life or mutual as defined in Section 204 of the Internal Revenue Code, and a "Casualty Insurance Company" as defined in section 310 of the Insurance Law of the State of New York. "In making the annual report of its income, condition *248 and operations for the year 1943 to the Insurance Department of the State of New York, the petitioner used the form required by the rules and regulations of that Department. Such form is commonly known as the 'Convention Edition of the Annual Statement' and is the form approved by the National Association of Insurance Commissioners. It requires that liability and workmen's compensation losses unpaid and outstanding at the end of the year be computed and reported on two different bases: (1) by estimating the amount of such unpaid and outstanding losses on all open cases according to appraisals made in the company's claims department and approved by its officials, and (2) by using such estimated amounts for all open cases arising out of policies issued prior to the second year preceding the current year and adding thereto 60 per cent of the premiums earned on liability risks and 65 per cent of the premiums earned on workmen's compensation risks in the current year and in each of the two preceding years minus losses and expenses already paid in respect of such risks. The Convention Edition of the Annual Statement requires that there be included in unpaid and outstanding losses, in respect *249 of cases arising within such three-year period, the company's estimates or the amounts resulting from the percentage calculations, whichever are higher. * * * At the end of 1942 the petitioner's estimated liability in respect of all open cases aggregated $1,095,673 for liability losses * * * and $837,364 for workmen's compensation losses * * *. The corresponding amounts, computed by adding 60 and 65 per cent of premiums earned in 1940, 1941 and 1942 on liability and workmen's compensation risks, respectively, less losses and expenses paid in respect of such risks, to the estimated liabilities in respect of open cases of prior years, were $1,187,701.13 * * * and $850,360.36 ($879,232.00 * * * less $28,871.64 voluntary addition * * *. At the end of 1943 the petitioner's estimated liability in respect of all open cases aggregated $1,359,888 for liabilty losses * * * and $992,968 for workmen's compensation losses * * *. The corresponding amounts, computed by adding 60 and 65 per cent of premiums earned in 1941, 1942 and 1943 on liability and workmen's compensation risks, respectively, less losses and expenses paid in respect of such risks, to the estimated liabilities in respect of open *250 cases of prior years were $1,579,953.02 * * * and $1,008,917.11 ($1,092,265.00 * * * less $83,347.89 voluntary addition * * *. "In the Underwriting Exhibit of the petitioner's 1943 Annual Statement, 'Losses Incurred' were computed by reflecting as unpaid and outstanding liability and workmen's compensation losses at the end of 1942 the amounts of $1,187,701.13 and $879,232, respectively, and at the end of 1943 the amounts of $1,579,953.02 and $1,092,265, respectively. Each of such amounts was required by the New York Insurance Department and by the Convention Edition of the Annual Statement to be so reported, except that the said unpaid and outstanding losses in respect of workmen's compensation risks at the end of 1942 ($879,232) included $28,871.64 voluntarily added by the petitioner and at the end of 1943 ($1,092,265) included $83,347.89 voluntarily added by the petitioner, which voluntary additions are not here in controversy. "In determining the deficiency herein, the respondent allowed a deduction for Losses Incurred in 1943 computed by using as unpaid and outstanding liability and workmen's compensation losses the amounts of $1,095,673 and 837,364, respectively, at the end *251 of 1942 and $1,359,888 and $992,968, respectively, at the end of 1943. "It is agreed that if the petitioner is entitled to use the said $1,187,701.13 and $850,360.36 ($879,232 less the $28,871.64 voluntary addition) as its unpaid and outstanding liability and workmen's compensation losses, respectively, at the end of 1942 and the said $1,579,953.02 and $1,008,917.11 ($1,092,265 less the $83,347.89 voluntary addition) as its unpaid and outstanding liability and workmen's compensation losses, respectively, at the end of 1943, it is entitled to a deduction for 'Losses Incurred' in 1943 of $130,989.64 in excess of the amount allowed by the respondent in determining the deficiency; otherwise that the respondent's allowance was correct. Such $130,989.64 is computed as follows: UNPAID AND OUTSTANDING LOSSES
12/31/42
12/31/43
Liability -
Petitioner's Basis
$1,187,701.13
$1,579,953.02
Respondent's Basis
1,095,673.00
1,359,888.00
92,028.13
220,065.02
Compensation -
Petitioner's Basis
$850,360.36
$1,008,917.11
Respondent's Basis
837,364.00
12,996.36
992,986.00
15,949.11
105,024.49
236,014.13
105,024.49
Increase in Incurred Losses
$ 130,989.64
*252 "The petitioner herein is the same petitioner as in a proceeding entitled Columbia Casualty Company v. Commissioner of Internal Revenue [Docket No. 8592, Memorandum Findings of Fact and Opinion entered on May 13, 1948]. [7 TCM 282]. Such proceeding related to the petitioner's taxable year 1942 and was commenced and concluded prior to the filing of the petition herein. In that proceeding the petitioner alleged that it was entitled to a deduction for losses incurred in 1942, computed by using as amounts unpaid and outstanding for liability and workmen's compensation losses at the end of that year the amounts designated in the foregoing table as 'Petitioner's Basis,' namely $1,187,701.13 and $850,360.36, respectively, whereas the respondent had allowed a deduction for losses incurred computed by using the amounts designated in the foregoing table as 'Respondent's Basis,' namely, $1,095,673 and $837,364, repectively, for such unpaid and outstanding losses. In that proceeding the petitioner's allegations were the same and presented the same issue, as applied to such unpaid and outstanding losses at the end of 1942, as the allegations of the petition herein in relation *253 to such unpaid and outstanding losses at the end of 1942 and at the end of 1943. The respondent joined issue on such allegations and proceedings were duly had in this Court, to which the question was submitted for hearing and determination. Thereafter, this Court found, held and determined upon the merits that the respondent's computation was erroneous and that the petitioner was entitled to use the said $1,187,701.13 and $850,360.36 as its unpaid and outstanding liability and workmen's compensation losses, respectively, at the end of 1942 and accordingly allowed the petitioner an additional deduction for losses incurred in 1942 in the amount of $105,024.49. Upon such determination this Court duly entered its decision dated August 13, 1948, [1] which decision has become final. There is incorporated in this Stipulation by reference and made a part hereof the record in the aforesaid proceeding consisting of the pleadings, the Stipulations of Facts, the Court's opinion and its decision." [Opinion] The petitioner contends that the respondent is collaterally estopped from asserting the deficiency in question by *254 the decision in the prior proceeding between the parties entitled Columbia Casualty Company (Docket No. 8592, Memorandum Findings of Fact and Opinion entered on May 13, 1948). [7 TCM 282]. Under the principal of collateral estoppel, the desion in a prior action is conclusive ina subsequent proceedings between the same parties as to matters actually litigated and determined in the first case. In discussing the doctrine of collateral estoppel in Commissioner v. Sunnen, 333 U.S. 591, the Supreme Court said: "[Collateral estoppel] is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequitities among taxpayers. "And so where two cases involve income taxes in different taxable years, collateral estoppel must be used with its limitations carefully in mind so as to avoid injustice. It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where *255 the controlling facts and applicable legal rules remain unchanged. Tait v. Western Md. R. Co., supra [289 U.S. 620]. If the legal matters determined in the earlier case differ from those raised in the second case, collateral estoppel has no bearing on the situation. * * * And where the situation is vitally altered between the time of the first judgment and the second, the prior determination is not conclusive. * * *" In this proceeding the limitations laid down by the Supreme Court in the Sunnen case for the use of collateral estoppel are not present. The matter raised in this proceeding is identical in all respect with that litigated and determined in the earlier proceeding which was instituted by this petitioner, Columbia Casualty Company, Docket No. 8592. The facts here are the same. In the prior proceeding instituted by this petitioner, this Court followed and applied the rule expressed in New Hampshire Fire Insurance Co., 2 T.C. 708, affd., 146 Fed. (2d) 697 (C.A. 1, 1945); and we have in other proceedings, which have been decided under unreported decisions, applied the rule of the New Hampshire Fire Insurance Co. case; and the authority of that *256 case stands undisturbed at this time. Accordingly, there has been no change in the applicable rule of law since our decision in Columbia Casualty Company, Docket No. 8592. It is concluded that the respondent is estopped, under the doctrine of collateral estoppel, from asserting the deficiency in this proceeding. Commissioner v. Sunnen, supra; Cromwell v. County of Sacramento, 94 U.S. 351; Restatement of Judgments, sections 68-70 (1942). Decision will be entered under Rule 50. Footnotes
1. The correct date of the entry of decision is August 11, 1948.↩